UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CR-6-BO(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **I N D I C T M E N T** |
| | ) | |
| SAMUEL IROH PETER | ) | |

The Grand Jury charges that:

### COUNT ONE

On or about November 27, 2018, in the Eastern District of North Carolina and

elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make under oath,

and did knowingly subscribe as true under penalty of perjury under Title 28, United

States Code, Section 1746, a false statement with respect to a material fact in an

application required by the immigration laws and regulations prescribed thereunder,

that is, defendant PETER stated falsely in a Nonimmigrant Visa Application (Form

DS-160) that (1) he had never been arrested or convicted for any offense or crime,

even though subject of a pardon, amnesty, or other similar action; and (2) that he had

never violated, or engaged in a conspiracy to violate, any law relating to controlled

substances, when in fact, as he then and there knew, he had been convicted of

"Possession of Drugs, the Import of which is prohibited or restricted in violation of

the Customs and Excise Management Act of 1979 § 170(1)(a)," on December 5, 2003,

in the Isleworth Crown Court, United Kingdom, for which he was sentenced to six

years imprisonment or to seven days imprisonment with deportation recommended, all in violation of Title 18, United States Code, Section 1546(a).

## COUNT TWO

On or about November 27, 2018, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PETER stated falsely in a Nonimmigrant Visa Application (Form DS-160) that (1) he had never been arrested or convicted for any offense or crime, even though subject of a pardon, amnesty, or other similar action; and (2) that he had never violated, or engaged in a conspiracy to violate, any law relating to controlled substances, when in fact, as he then and there knew, he had been convicted of "Possession of Drugs, the Import of which is prohibited or restricted in violation of the Customs and Excise Management Act of 1979 § 170(1)(a)," on December 5, 2003, in the Isleworth Crown Court, United Kingdom, for which he was sentenced to six years imprisonment or to seven days imprisonment with deportation recommended, all in violation of Title 18, United States Code, Section 1015(a).

## COUNT THREE

On or about October 8, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make under oath, and did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder,

that is, defendant PETER stated falsely in an Application to Register Permanent Residence Status or Adjust Status (Form I-485) that (1) he had never been arrested, cited, charged, or detained for any reason by any law enforcement official; (2) he had never committed a crime of any kind; (3) he had never pled guilty to or been convicted of a crime or offense; (4) he had never been ordered punished by a judge or had conditions imposed on him that restrained his liberty; (5) he had never been a defendant or the accused in a criminal proceeding; (6) he had never violated (or attempted or conspired to violate) any controlled substance law or regulation of a state, the United States, or a foreign country; and (7) he had never illicitly (illegally) trafficked or benefited from the trafficking of any controlled substances, such as chemicals, illegal drugs, or narcotics, when in fact, as he then and there knew, he had been convicted of "Possession of Drugs, the Import of which is prohibited or restricted in violation of the Customs and Excise Management Act of 1979 § 170(1)(a)," on December 5, 2003, in the Isleworth Crown Court, United Kingdom, for which he was sentenced to six years imprisonment or to seven days imprisonment with deportation recommended, all in violation of Title 18, United States Code, Section 1546(a).

## COUNT FOUR

On or about October 8, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PETER stated falsely in an Application to Register Permanent Residence Status or Adjust Status (Form I-485) that: (1) he had

never been arrested, cited, charged, or detained for any reason by any law enforcement official; (2) he had never committed a crime of any kind; (3) he had never pled guilty to or been convicted of a crime or offense; (4) he had never been ordered punished by a judge or had conditions imposed on him that restrained his liberty; (5) he had never been a defendant or the accused in a criminal proceeding; (6) he had never violated (or attempted or conspired to violate) any controlled substance law or regulation of a state, the United States, or a foreign country; and (7) he had never illicitly (illegally) trafficked or benefited from the trafficking of any controlled substances, such as chemicals, illegal drugs, or narcotics, when in fact, as he then and there knew, he had been convicted of "Possession of Drugs, the Import of which is prohibited or restricted in violation of the Customs and Excise Management Act of 1979 § 170(1)(a)," on December 5, 2003, in the Isleworth Crown Court, United Kingdom, for which he was sentenced to six years imprisonment or to seven days imprisonment with deportation recommended, all in violation of Title 18, United States Code, Section 1015(a).

## COUNT FIVE

On or about October 8, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make under oath, and did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant PETER stated falsely in an Application to Register Permanent Residence Status or Adjust Status (Form I-485) that he had never been issued a final

order of exclusion, deportation, or removal, when in fact, as he then and there knew, he had been deported from the United Kingdom to Nigeria on July 12, 2006, all in violation of Title 18, United States Code, Section 1546(a).

## COUNT SIX

On or about October 8, 2009, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PETER stated falsely in an Application to Register Permanent Residence Status or Adjust Status (Form I-485) that he had never been issued a final order of exclusion, deportation, or removal, when in fact, as he then and there knew, he had been deported from the United Kingdom to Nigeria on July 12, 2006, all in violation of Title 18, United States Code, Section 1015(a).

## COUNT SEVEN

On or about October 8, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make under oath, and did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant PETER stated falsely in an Application to Register Permanent Residence Status or Adjust Status (Form I-485) that he had never lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to

the United States, or any other kind of immigration benefit, when in fact, as he then and there knew, he had, on November 27, 2018, lied about, concealed, and misrepresented material information in his Nonimmigrant Visa Application (Form DS-160), as charged in Counts One and Two of this indictment, all in violation of Title 18, United States Code, Section 1546(a).

## COUNT EIGHT

On or about October 8, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, SAMUEL IROH PETER, did knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PETER stated falsely in an Application to Register Permanent Residence Status or Adjust Status (Form I-485) that that he had never lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit, when in fact, as he then and there knew, he had, on November 27, 2018, lied about, concealed, and misrepresented material information in his Nonimmigrant Visa Application (Form DS-160), as charged in Counts One and Two of this Indictment, all in violation of Title 18, United States Code, Section 1015(a).

A TRUE BILL

————————————

FOREPERSON

**REDACTED VERSION**
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

DATE: _1 - 6 - 2021_

ROBERT J. HIGDON, JR.
United States Attorney

BY: LORI B. WARLICK
Assistant United States Attorney